# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| KABIR M. BUHARI, | * |
| Petitioner, | * |
| v. | * Case No.: GJH-19-1431 |
| | * |
| GREGORY COLLETT, *ET AL.*, | * |
| Respondents. | * |

## MEMORANDUM OPINION

Petitioner Kabir M. Buhari, a native of Nigeria and U.S. naturalization applicant, brought this action under 8 U.S.C. § 1447(b), which permits a naturalization applicant to seek relief in the District Court if the agency does not make a determination within 120 days after the naturalization interview. ECF No. 1. Pending before the Court is a Motion to Remand and Dismiss filed by Respondents Gregory Collett, the District Director of the United States Citizenship and Immigration Services ("USCIS") Baltimore District Office, and William Barr, the Attorney General of the United States. ECF No. 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Respondents' Motion to Remand and Dismiss is granted.

## I. BACKGROUND

Mr. Buhari is a native and citizen of Nigeria, ECF No. 1 ¶ 7, and he has been a lawful permanent resident of the United States since June 28, 2000, *id.* ¶ 8. He has resided continuously in the United States since he obtained lawful permanent resident status. *Id.* On or around September 15, 2016, Mr. Buhari filed a naturalization application with the USCIS bureau of the

Department of Homeland Security. *Id.* ¶ 9. He was interviewed in the Baltimore District Office of USCIS on August 17, 2017, and his application was recommended for approval. *Id.* ¶ 10.

By January 10, 2019, Mr. Buhari had not received a decision on his application, so his attorney contacted the Baltimore District Office's assistant counsel and threatened to sue the Office if it did not render a decision within forty days. *Id.* ¶ 12. The Baltimore District Office responded that same day and represented that "[US]CIS intends to issue a decision within 45 days." *Id.* ¶ 14. USCIS has still not issued a decision on Mr. Buhari's naturalization application. *Id.* ¶¶ 15–17.

On May 15, 2019, Mr. Buhari filed a Complaint requesting that the Court resolve his naturalization application pursuant to 8 U.S.C. § 1447(b). *See id.* Respondents filed a Motion to Remand and Dismiss on July 11, 2019. ECF No. 16. Mr. Buhari filed a response on July 25, 2019, and Respondents filed a reply on August 7, 2019.

## II. DISCUSSION

To begin the naturalization process, an applicant must first file an application for naturalization with USCIS. *See* 8 U.S.C. §§ 1445(a), (d). Following the filing of an application, USCIS is required to conduct a background investigation and examination of the applicant. *See* 8 U.S.C. §§ 1446(a), (b); 8 C.F.R. §§ 335.1, 335.2. Under normal circumstances, following the completion of the background investigation and the examination of the applicant, a USCIS official is authorized to make a determination to grant or deny the application. *See* 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3. This determination is to be made within 120 days following the initial examination of the applicant.

When a determination is not made within 120 days of the initial examination, an applicant may file for review of his application with a district court, pursuant to 8 U.S.C. § 1447(b). Section 1447(b) provides, in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. *Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.*

8 U.S.C. § 1447(b) (emphasis added).

In the present case, there is no dispute that more than 120 days have passed since Mr. Buhari was initially examined by an USCIS official on August 17, 2017 – over two years ago. *See* ECF No. 1-1 at 10.[1] Instead, Respondents urge the Court to remand the matter for adjudication by USCIS claiming that USCIS is best equipped to make a determination about Mr. Buhari's eligibility for naturalization and is prepared to adjudicate the application within thirty days of a court order dismissing this case. *See* ECF No. 16 ¶¶ 3, 6. In opposition, Mr. Buhari asserts that USCIS has failed to justify its delay in processing his application and an order to remand would inappropriately condone USCIS' inaction. *See* ECF No. 17 at 1–3. If the Court does choose to remand the case to USCIS, Mr. Buhari asks the Court not to dismiss the case itself and maintain supervision over the case until USCIS has issued a decision on his application. *See id.* at 3.

The Court agrees with Respondents that USCIS "is in the best position to adjudicate naturalization applications." *Roberts v. Holder*, No. CCB–11–1941, 2012 WL 2563880, at *2 (D.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Md. June 29, 2012); *see also Zhao v. Chertoff*, No. C07-1725RSL, 2008 WL 191179, at *1 (W.D. Wash. Jan. 22, 2008) (recognizing the expertise of USCIS and granting motion to remand where, like in the instant case, USCIS indicated it was prepared to adjudicate plaintiff's naturalization application in a timely manner); *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 808 (E.D. Va. 2007) ("Just as the 'name check' and 'fingerprint check' are best left to the FBI, the review of the results of the mandatory background checks and any follow-up questioning of an applicant are best left to [US]CIS."); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 844 (E.D. Mich. 2006) (remanding case brought under § 1447(b) so that USCIS could exercise its expertise in analyzing results of background investigations and making naturalization determinations). The Court is also mindful of the Supreme Court's mandate that "[g]enerally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context." *INS v. Ventura*, 537 U.S. 12, 16–17 (2002). Indeed, "the vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to [US]CIS with appropriate instructions, rather than determine the matter." *Manzoor*, 472 F. Supp. 2d at 810 (collecting cases). Accordingly, the Court will remand Mr. Buhari's case to USCIS pursuant to § 1447(b) with specific instructions that it adjudicate Mr. Buhari's application within thirty days of the entry of the accompanying Order.

Although Mr. Buhari asks the Court to maintain supervision over this case to ensure that USCIS complies with its Order, "a proper § 1447(b) petition vests the district court with *exclusive* jurisdiction, unless and until the court remands the matter to [US]CIS." *Etape v. Chertoff*, 497 F.3d 379, 383 (4th Cir. 2007) (internal quotations omitted) (emphasis added).

4

USCIS would therefore be unable to adjudicate Mr. Buhari's application within thirty days if the Court maintains jurisdiction over the case, so the Court must dismiss this case without prejudice.

In remanding this case, the Court is not condoning USCIS' delay in processing Mr. Buhari's naturalization application. The Court also notes that Mr. Buhari is not without further recourse to the district courts. First, Mr. Buhari may refile his suit if USCIS fails to comply with the Court's Order by not adjudicating his application within thirty days, as it has pledged to do. Second, Mr. Buhari retains his ability to seek subsequent *de novo* review if USCIS denies his application. *See* 8 U.S.C. § 1421(c).

## III. CONCLUSION

For the foregoing reasons, Respondents' Motion to Remand and Dismiss is granted. This case is dismissed without prejudice. A separate Order shall issue.

Date: September 30, 2019

 /s/
GEORGE J. HAZEL
United States District Judge